# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

| | |
|---|---|
| ANN C. COOPER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Knox County, Tennessee at Knoxville Docket No. 1-75-12, where it is currently pending, to the United States District Court for the Eastern District of Tennessee. This cause is removable pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. Defendant respectfully shows the Court as follows:

1. Plaintiff Ann C. Cooper ("Plaintiff") instituted a civil action against Hartford in the Circuit Court of Knox County, Tennessee, at Knoxville on February 17, 2012. A true and correct copy of all process and pleadings received by Hartford on April 17, 2012 is attached hereto as Exhibit "A" and is incorporated herein by reference.

2. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1332, in that there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. This Notice of Removal is filed within thirty (30) days after receipt by Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

4. The United States District Court for the Eastern District of Tennessee is the federal judicial district embracing the Circuit Court of Knox County, Tennessee, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

5. Upon information and belief, Plaintiff Ann C. Cooper is a resident and citizen of Knox County, Tennessee. *See* Complaint ("Compl.") at ¶ 1.

6. Defendant Hartford is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Hartford, Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Hartford is a citizen of the State of Connecticut. Hartford is not now, and was not at the time of the filing of the petition, a citizen or resident of the State of Tennessee within the meaning of the Acts of Congress relating to the removal of causes of action.

7. Accordingly, there is complete diversity of citizenship because Plaintiff is a resident of Tennessee and no defendant in this case is a resident of Tennessee.

## AMOUNT IN CONTROVERSY

8. Plaintiff's Complaint alleges a variety of common law claims and seeks compensatory and punitive damages relating to the alleged improper failure to pay benefits under an insurance policy. Plaintiff alleges breach of contract against Hartford in Count I, violations of Tennessee Consumer Protection Act, Tennessee Code §47-18-101 and §47-18-109, in Count II, and bad faith failure to pay claims under Tennessee Code §56-7-105(a) in Count III.

9. In order to meet the $75,000 jurisdictional threshold in this case with an unspecified claim for damages, Defendant need show only that the amount in controversy "more likely than not" exceeds the jurisdictional requirement. In this case, Defendant can remove to federal court if it can show, by a preponderance of the evidence, facts supporting jurisdiction. A lower burden of proof is warranted where damages are unspecified, such as in the instant case, because there is simply no estimate to which a court may defer. *Williamson v. Aetna*, 481 F.3d 369 (6th Cir. 2006)(finding claims removable when it was more likely than not that potential cost of state claims to defendant would exceed $75,000, even though plaintiffs had stipulated that they would not seek damages in excess of $75,000).

10. Hartford denies that it breached the disability policy and further denies any conduct that would trigger liability under the Tennessee bad faith or Consumer Protection statutes. Nonetheless, in evaluating whether subject matter jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy."

11. Plaintiff seeks well over $75,000 in damages from Hartford. Plaintiff's compensatory claim seeks "payment of all past and future monetary benefits to which Ms. Cooper is entitled." Compl. at ¶ 21. These compensatory damages alone exceed this Court's $75,000 jurisdictional minimum, as Plaintiff's monthly benefit is estimated to be $5047.67, exclusive of any offsets that may apply, and her benefit eligibility would end on October 30, 2025. Also, as requested in paragraph 24 of Plaintiff's prayer for relief, Plaintiff's claim for bad faith, if proven, would enable Plaintiff to receive an additional 25% of the contractual liability. Moreover, Plaintiff's claims under the Consumer Protection Act, if proven, could treble the damages afforded to Plaintiff. Finally, attorney fees under the consumer protection and bad faith statutes are to be considered in determining whether state law claims under those statutes

satisfied the amount in controversy requirement for removal. *See Williamson*, 481 F.3d at 376-377. Accordingly, the $75,000 jurisdictional threshold is satisfied in this case beyond any doubt.

## MISCELLANEOUS

12. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Knox County, Tennessee, as provided by law, and written notice is being sent to Plaintiff's counsel.

13. Defendant has not sought similar relief.

14. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

15. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Tennessee.

16. If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Hartford Life and Accident Insurance Company, by and through its counsel, prays that the above action currently pending against it in the Circuit Court of Knox County, Tennessee, be removed therefrom to this Court.

Respectfully submitted this 24th day of April, 2012.

*/s/ Grace R. Murphy*
William B. Wahlheim, Jr.
Grace R. Murphy
Andrea D. Germany

Attorneys for Defendant Hartford Life and Accident Insurance Company [applications for admission *pro hac vice* to be filed]

**OF COUNSEL:**

Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 24th day of April, 2012:

Jesse D. Nelson
Law Office of Jesse D. Nelson, PLLC
P.O. Box 22685
Knoxville, TN 37933

_____
OF COUNSEL